GEORGE E. DILLEY v. JASPER LUMBER COMPANY ET AL.

No. 1985. Decided November 17, 1909.

**Receiver—Collusive Sale—Motion—Pleading.**

A motion, by an intervening creditor in a receivership setting up collusion in the appointment of and sale of property by the receiver, whereby the property was sold at a grossly inadequate price and the sale confirmed without affording the intervener opportunity to present his objections, and seeking to have same set aside and the receiver removed, is held to allege facts entitling the intervener to relief and which it was error to refuse to permit him to sustain by proof.

Error to the Court of Civil Appeals for the Fourth District, on error from Jefferson County.

Dilley obtained writ of error on the affirmance, upon his prosecution of error, of a judgment denying him relief on his motion in a receivership case.

*A. D. Lipscomb,* for plaintiff in error.—The court errs in holding that plaintiff in error by intervening in this suit and seeking only what was honestly his own, has estopped himself from complaining of fraud in the inception of the receivership proceedings, for Dilley had the right to presume regularity and good faith in the proceedings of a court of equity and was not bound to scrutinize the record for evidence of fraud before intervening, and it was only after the fraud had been fully consummated that the intervenor could realize what fraud was the purpose at the inception. Freeman on Void Jud. Sales, p. 43; id., p. 19; id., p. 20, 21. Herman. on Estop. & Res Adj., secs. 393, 394.

The court errs in treating the approval of the order of sale as having been 'made after notice to Dilley, for the record shows that there was no notice to him or his attorneys, and the sworn motion attacking the sale and in support of which the trial court refused to hear evidence shows that neither Dilley nor his counsel had such notice. Moreover it is not to be contemplated that courts of equity will sustain a grossly fraudulent proceeding such as this, however the matter may be called to their attention at the same term, even though it should be informally, by a court officer or an amicus curiae. Smith on Receivers, p. 101; 102; Am. & Eng. Encyc. of Law, p. 813; Freeman on Void Jud. Sales, p. 2.

*J. D. Wilkinson, Crook, Lord & Lawhon, Fleming & Fleming, E. A. Easterling, Hunt, Myer & Townes,* and .*A. R. Masterson,* for defendants in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

C. S. Basham brought this suit against the Jasper Lumber Company upon a promissory note, alleging that the saw mill, the running of which was the Lumber Company's business, was shut down and that work could not be resumed, for the want of ready money, and prayed that a receiver be appointed to operate the mill and to wind up the business. At the same time the Lumber Company filed an answer and joined in the prayer for the appointment of a receiver, which was accordingly done, and W. C. McClelland was appointed and gave bond and entered upon the duties of the position. On the .... day of April, 1906, (five months after the institution of the suit and the appointment of a receiver) George E. Dilley filed a petition of intervention in which he alleged that the Lumber Company was indebted to him to the amount of certain notes and attorney's fees and that it had executed to him a mortgage to secure the same.

On the 5th day of March, 1906, the court ordered the receiver to sell the property at a sum not less than $35,000, at private sale, and, if not sold in thirty days, then to advertise and sell to the highest bidder for cash. On the 21st day of April, 1906, the order of sale, was modified, the upset price being placed at $15,000. Finally all restrictions were removed from the order of sale, and the receiver was authorized to sell at any price he could get at a public sale. The property was sold as follows: one engine, heater and pump for

$475.15; the property subject to Dilley's mortgage for $800; 115,000 feet of lumber for $375 and all the residue of the property for the sum of $500, and A. P. Laughlin became the purchaser of the whole. The sale was confirmed by the court.

Thereupon came George E. Dilley, the plaintiff in error in this proceeding, and on July 5, 1906, filed a motion to remove W. C. McClelland as receiver of the property in suit on the ground that the receivership was collusive as between him and the president of the defendant company; that the final modification of the order of sale had been made without notice to the interveners; that the sale of the property was for a grossly inadequate price; that it was his intention to have contested a confirmation of the sale; that on account of some understanding between his attorney and the judge of the court the question of confirmation of the report of sale was taken up at an unexpected hour, when his attorney was not present; and that by reason of the collusion between the receiver and the purchaser at the sale the property was sold at a grossly inadequate price. The court declined to hear evidence in support of the motion and sustained exceptions to the allegations therein contained. The action of the court in declining to hear evidence in support of the motion is assigned as error and we think the assignment is well taken. If the facts alleged in the motion are true, the sales ought to be set aside. The aggregate of the money received for the property was about one-tenth of the original price and about one-fifth of the second lowest price at which the receiver was authorized to make the sale. The result was that notwithstanding Dilley had a lien upon property which brought $800, the price was appropriated to pay the receiver's certificates—and it may be, other expenses of administration. For this error, the judgment must be reversed and the cause remanded.

There is no statement of facts in the record and for this reason the Court of Civil Appeals held, as we think, correctly, that the other assignments of error could not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*